IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CIJAE HOLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-1306-NJR-DGW |
| | ) | |
| DU QUOIN IMPACT INCARCERATION PROGRAM SUPERINTENDENT, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on the Motion for Recruitment of Counsel filed by Plaintiff on February 3, 2015 (Doc. 13) and the issue of Unknown Party 4 as identified by the Court in the December 22, 2015 Order. For the reasons set forth below, the Motion for Recruitment of Counsel is **DENIED WITHOUT PREJUDICE** and the following schedule shall govern the identification of Unknown Party 4.

*Motion for Recruitment of Counsel*

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322

(7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff's first Motion for Recruitment of Counsel (Doc. 3) was denied without prejudice to allow Plaintiff to use the proper form and identify which attorneys he contacted seeking representation without Court assistance. Plaintiff's current Motion indicates that contacted a number of attorneys, who all declined to represent him, including Roger A. Lewis of Goldberg Kohn, LTD, the Uptown People's Law Center, and John Howard Association of Illinois. Plaintiff states that he requires counsel because he only has some high school education, he lacks legal training, and he requires the assistance from jailhouse lawyers/law clerks to file matters with the Court. Coupled with these difficulties, Plaintiff is suing an individual whose name he did now know at the time the Complaint was filed and the Defendant works at an institution (Du Quoin Impact Incarceration Program) where he is not housed (Plaintiff currently is housed at the Lawrence Correctional Center).

Notwithstanding these difficulties, Plaintiff's case has been reduced to a single count of excessive force that occurred on August 29, 2014 when Unknown Party 4, a correctional officer, hit Plaintiff on the back of head causing injuries. Such a claim requires limited discovery and would not require an expert. From Plaintiff's filings, he appears capable of reading and

understanding English and following the Court's directions. As such, counsel will not be recruited at this time.

*Unknown Party 4*

On March 13, 2015, Jason Henton filed an Answer (Doc. 16). Although the Answer does not specifically state, the Court assumes Mr. Henton is the Superintendent of the Du Quoin Impact Incarceration Program. In order to aid in the naming of Unknown Party 4, the following is hereby **ORDERED**:

1. Plaintiff shall provide Defendant Henton, and file with the Court, identifying information for the Unknown Party 4 (i.e. badge number, shift, time and date of alleged incident/encounter, physical descriptions, etc.) by **April 23, 3015**.

2. Defendant Henton shall provide Plaintiff, and submit a notice to the Court, the names Unknown Party 4 by **May 7, 2015**.

3. Plaintiff shall file a motion to amend the complaint along with a proposed amended complaint, naming the identified Unknown Party 4, by **May 28, 2015**.

**IT IS SO ORDERED.**

**DATED: April 9, 2015**

        **DONALD G. WILKERSON**
        **United States Magistrate Judge**