IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CIJAE HOLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-1306-NJR-DGW |
| | ) |
| DU QUOIN IMPACT | ) |
| INCARCERATION PROGRAM | ) |
| SUPERINTENDENT and | ) |
| UNKNOWN PARTY 4, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Cijae Hollins filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 in November 2014, when he was an inmate in the custody of the Illinois Department of Corrections ("IDOC"). In his complaint, he alleged that IDOC officials at various facilities violated his constitutional rights. The Court conducted a threshold review of his complaint and reduced Plaintiff's case to a single count of excessive force that occurred on August 29, 2014, when Unknown Party 4, a correctional officer at the Du Quoin Impact Incarceration Program, hit Plaintiff on the back of head causing injuries (Doc. 9). The Superintendent of the Du Quoin Impact Incarceration Program was named as a defendant, in his or her official capacity only, for the sole purpose of identifying Unknown Party 4 (Doc. 9).

Plaintiff was ordered to provide the Superintendent with identifying information for Unknown Party 4 by April 23, 2015, and to file an amended complaint naming

Unknown Party 4 by May 28, 2015 (Doc. 17). Plaintiff did not do either. On July 2, 2015, Magistrate Judge Donald Wilkerson ordered Plaintiff to show cause why this case should not be dismissed for want of prosecution and failure to comply with the Court's orders (Doc. 19). Plaintiff responded and said that the unknown officer was named in an internal affairs complaint that was retained by the prison (Doc. 20). Plaintiff did not, however, provide a physical description of the unknown officer (*see* Doc. 20). Magistrate Judge Wilkerson gave Plaintiff one more opportunity to provide a physical description of the unknown officer by November 6, 2015 (Doc. 22). Plaintiff was warned that if he failed to comply with the Order, his case would be dismissed (Doc. 22). Once again, Plaintiff failed to submit the information by the deadline, and the Superintendent filed a motion to dismiss this matter for want of prosecution (Doc. 25), which is currently before the Court. Plaintiff did not respond to the motion.

The Court finds that Plaintiff has failed to comply with its orders and failed to prosecute this matter. Such actions have unreasonably delayed this matter—over a year has gone by since this matter was filed and a defendant has yet to be named. Consequently, this matter is **DISMISSED with prejudice** pursuant to Rule 41(b). FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The Clerk of Court is **DIRECTED** to enter judgment and close this case on the Court's docket.

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P.

4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement from his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

DATED: February 8, 2016

s/ Nancy J. Rosenstegel
**NANCY J. ROSENSTENGEL**
**United States District Judge**